An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID PHILIP,
Appellant,
vs.
EMC MORTGAGE CORPORATION,
Respondent.

No. 64612

**FILED**

DEC 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court summary judgment in a real property action. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In a previous appeal, this court affirmed the district court's dismissal of appellant's claims against respondent with the exception of appellant's wrongful foreclosure claim, which this court construed as a claim seeking relief under NRS 107.080.[1] *See Philip v. EMC Mortgage*

---

[1] Our previous disposition also suggested that claims against two other defendants remained pending in district court. It appears, however, that those defendants were never properly served with process and that the instant appeal is from a final judgment. *See Rae v. All Am. Life & Cas. Co.*, 95 Nev. 920, 922, 605 P.2d 196, 197 (1979) (recognizing that a named defendant who is not served with process is not considered to be a party for purposes of determining the finality of a district court order).

In that regard, although appellant's notice of appeal indicates that The Mortgage Depot, Inc., is a respondent represented by Smith Larsen & Wixom, Mortgage Depot did not make an appearance in the district court and is not a party to this appeal. Accordingly, we instruct the clerk of this court to amend the caption of this court's docket to conform with the caption in this order and to reflect that Smith Larsen & Wixom represents only EMC Mortgage Corporation.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40650

*Corp.*, Docket No. 56054 (Order Affirming in Part, Reversing in Part and Remanding, December 14, 2012). While that appeal was pending, and without respondent notifying this court, the notice of default that formed the basis for the contested nonjudicial foreclosure was rescinded. In light of that rescission, the district court properly concluded on remand that appellant's NRS 107.080 claim against respondent was moot, as there were no longer any pending foreclosure proceedings involving respondent.[2] *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. ___, ___, 266 P.3d 602, 606 (2011) ("A notice of rescission renders moot disputes concerning the notice of default or its timing."). Accordingly, the district court properly granted summary judgment in favor of respondent with regard to appellant's underlying NRS 107.080 claim. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

---

[2]Appellant takes issue with the district court's determination that his NRS 107.080 claim was not "ripe." The tenor of the district court's order, however, properly reflects the reality that any future NRS 107.080 claim will not ripen until a subsequent notice of default is recorded and that the underlying NRS 107.080 claim no longer involves a justiciable controversy.

cc:    Hon. Jessie Elizabeth Walsh, District Judge
David Philip
Smith Larsen & Wixom
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A